UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 15-08380-CBM (DFM) | Date: | July 28, 2021 |
|---|---|---|---|
| Title | Thomas Lee Gleason, Jr. v. L. Franklin, et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff: | Attorney(s) for Defendant: |
| Not Present | Not Present |
| Proceedings: | (IN CHAMBERS) Order to Show Cause |

On August 19, 2019, Defendant's counsel deposed Plaintiff. See Dkt. 144-6, Declaration of N. Grecea dated July 13, 2020, ¶ 2. Defendant's counsel asked Plaintiff a series of questions about, among other things, Defendant's pat-down body searches of Plaintiff that occurred on March 14 and 15, 2012. See id. Exh. A, Deposition of Thomas L. Gleason, Jr. ("Gleason Depo."); see also Dkt. 164 at 8-10, Gleason Depo. at 189-200. The following exchange occurred:

> Q. Let me go back a little bit. I forgot to ask this question when we were talking about the incident on the previous date. You felt that the search – something rubbed you the wrong way. Did you say anything to him about how you didn't like the search?
>
> A. Yes. As well as Marshall. And Marshall told me, "Hey, just f***ing take it back, Gleason. Take it back to your cell before you get in a wreck."
>
> Q. What did you tell Franklin?
>
> A. "Why are you grabbing my ass like this?"
>
> Q. What did he say?
>
> A. Something to the effect of "**You know you like it.**"
>
> Q. And that was the end of the interaction?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

A. No. At that point, yeah. And then I instantly went and told –

Q. Marshall?

A. -- Marshall. And he told me just take it back to the cell.

Q. Now fast forward again to March 15.

A. The very next day.

Gleason Depo. at 196:16-197:13 (emphasis added).

On July 13, 2020, Defendant filed a Motion for Summary Judgment. See Dkt. 144. He described that during the March 14, 2012 search, he "made no sexual comments." Id. at 15.[1] For that fact, he cited Undisputed Fact No. 35 of his Separate Statement of Undisputed Material Facts, which reads "Defendant made no sexually suggestive comments during the March 14 search." Dkt. 144-2 at 7 (citing Gleason Depo. 193:1-194:5).

Plaintiff filed an Opposition. See Dkt. 146. He objected that Defendant "did make sexual comments to me on March 14, 2012 to the best of my recol[l]ection he said you know you like it." Id. at 3. He argued that it was "egregious for the defendant to . . . repeatedly grope the Plaintiff's buttocks and then say you know you like it." Id. at 14; see also id. at 21 ("Why don't you try wrap[p]ing your mind around the idea of Franklin . . . tell[ing] you, you know you like it.").

Defendant filed a Reply. See Dkt. 149. In a section titled "Summary of the Evidence," he stated that "**[i]n contrast to the deposition testimony** . . . Plaintiff's Opposition claims that on March 14, 2012, Defendant made sexual comments to him ('you know you like that . . . ')." Id. at 10, 15 (emphasis added). Defendant argued that "the allegation . . . [of] sexually suggestive comments" during the March 14 search "contradicts Plaintiff's deposition testimony." Id. at 26.[2] Therefore, Defendant argued, Plaintiff's allegation that on March 14, 2012, Defendant made sexual comments to him was new should be disregarded as an attempt to create a sham issue of fact and avoid summary judgment. See Reply at 27.

On April 5, 2021, I issued a Report and Recommendation recommending that Defendant's motion be granted in part and denied in part. See Dkt. 154. My Report and Recommendation

---

[1] All page references are to the CM/ECF pagination.

[2] To drive this point home, Defendant's counsel submitted a second declaration attaching six additional pages from Plaintiff's deposition transcript. See Dkt. 149-1, Declaration of N. Grecea executed October 15, 2020, Exh. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

found that Plaintiff's allegation that Defendant said "you know you like it" during the March 14 search was a sham allegation. Id. at 18. To make that finding, it relied upon the excerpts of Plaintiff's deposition testimony that Defendant attached to his Motion for Summary Judgment. See id. at 18 (citing Gleason Depo. at 186:18-195:3). I found that Plaintiff "had never claimed . . . that Defendant made any sexual comment during the March 14 search until he opposed the [summary judgment] motion more than 8 years later." Id. at 19. Ultimately, that finding contributed to my original recommendation to grant Defendant's Motion for Summary Judgment with respect to all claims stemming from the March 14, 2012 pat-down search. See id. at 17, 19-20, 27.[3]

Plaintiff objected in three separate filings. See Dkts. 155, 159, 162. In response, Defendant praised the Magistrate Judge for "aptly" finding that no genuine issue of material fact existed as to the events of March 14, 2012. Dkt. 156 at 3. Defendant noted that I had "[c]it[ed] to Plaintiff's deposition testimony" and "relied on" it. Id. Leaving no room for doubt, Defendant stated again that "Plaintiff never raised any allegations that Defendant made a sexual comment during the March 14 search . . . at his deposition." Id. In an Amended Report and Recommendation, I addressed Plaintiff's objections but did not change my recommendation. See Dkt. 161 at 19 n.7.

Now, objecting to the Amended Report and Recommendation, Plaintiff attaches portions of his deposition transcript that Defendant had omitted from the Motion for Summary Judgment, the Reply, and the response to Plaintiff's objections to the Report and Recommendation. See Dkt. 164 at 8-10 (attaching, among others, pages 196-200 of the Gleason Depo.). Plaintiff argues that the transcript shows that "it's not a new statement of fact" and that "the defendant has misrepresented Plaintiff's deposition testimony again." Id. at 5.

Defendant filed another response. See Dkt. 166. In it, Defendant continues to praise the Magistrate Judge for "aptly" finding "no genuine dispute of material fact as to the events of March 14, 2012." Id. at 4. He repeats his claim, nearly verbatim, that "Plaintiff never raised any allegations that Defendant made a sexual comment during the March 14, 2012, search . . . at his deposition." Id. He concludes that he is entitled to summary judgment on all of Plaintiff's claims stemming from the March 14, 2012 search. See id. at 6.

Plaintiff made another filing. See Dkt. 167.[4] He expresses bewilderment at Defendant's repeated misstatement of Plaintiff's deposition testimony. See id. at 7. ("[T]hat was a Professional lie if I ever seen one that would have to be the one that takes the cake[,] here you have Counsel/the defendant lying out right in the open.").

---

[3] Incidentally, I found that Defendant had misrepresented Plaintiff's deposition testimony on a different issue. See id. at 24.

[4] Plaintiff's request for permission to file that document (Dkt. 167) is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Like Defendant, I find it hard to understand how Defendant's counsel could have taken the positions described above as to the content of Plaintiff's deposition testimony consistently with the rules of civil procedure, the applicable ethical and professional duty of candor to the Court, and the standards of professional conduct.

Under Rule 11 of the Federal Rules of Civil Procedure, by filing a written motion or other paper, an attorney certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support" and "the denials of factual contentions are warranted on the evidence." Likewise, under Rule 3.3 of the Rules of Professional Conduct of the State Bar of California ("California Rules"), an attorney "shall not . . . knowingly make a false statement of fact" to a court or "fail to correct a false statement of material fact" that was previously made to a court.[5] Federal courts also have an inherent power to impose appropriate sanctions where conduct disrupts the judicial process. See Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991).

Based on the series of events outlined above, it appears that Defendant's counsel either (1) knowingly repeated a false factual contention; or (2) forgot what Plaintiff had said at his deposition, failed to inquire into whether the factual contention was true while praising my reliance upon it, and failed to read the deposition excerpts that Plaintiff submitted that show that it was false. See Dkt. 164 at 8-10.

Accordingly, Defendant's counsel is ORDERED to (1) show cause in writing within **fourteen (14) days** why sanctions should not issue for a failure to comply with Federal Rule of Civil Procedure 11, the Local Rules, and counsel's duty of candor to the Court, and for needlessly increasing the burden of this litigation on Plaintiff and my chambers; (2) state which of the two scenarios outlined above is accurate; and (3) state exactly when he knew that Plaintiff had alleged at his deposition that Defendant had said something to the effect of "You know you like it" during the March 14 search.

Plaintiff is ORDERED not to file anything in response to this order or in response to Defendant's response to this order.

---

[5] The California Rules apply to attorneys practicing before this Court. See Local Rule 83-3.1.2. "Knowingly" requires actual knowledge of the fact and may be inferred from the circumstances. California Rule 1.0.1(f).